UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE MAHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 09-134-P-S |
| ) | |
| STATE OF MAINE, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Lawrence Maher has filed a 28 U.S.C. § 2254 petition challenging a 1998 conviction in the State of Maine for which he received a four-year sentence. This conviction was used as a predicate offense when Maher was sentenced to a 262-month term of imprisonment on federal charges on April 12, 2005, for unrelated federal drug offenses. Since his sentencing Maher has completed an effort in the Maine State Courts to challenge this conviction and was unsuccessful.

With regards to his federal conviction and sentence, Maher took a direct appeal raising claims unrelated to his career-offender sentence, see United States v. Maher, 454 F.3d 13, 15 (1st Cir. 2006), and he pursued a 28 U.S.C. § 2255 motion pressing ineffective assistance claims, one of which pertained to the use of prior convictions to enhance his federal sentence, see Maher v. United States, Crim. No. 04-93-P-S, Civ. No. 07-195-P-S, 2008 WL 1986037 (D. Me. May 7, 2008) (Recommended Decision), adopted, 2008 WL 2810194 (D. Me. Jul. 21, 2008).

For purposes of calculating the 28 U.S.C. § 2254 one-year statute of limitation, this State of Maine conviction became final on January 5, 1999. Maher did not file a petition for state post-conviction review until March 8, 2005. (See Doc. No. 7.) Accordingly, his 28 U.S.C.

1

§ 2254(d)(1)(A) year ran long before he lodged this unsuccessful post-conviction attack on that state conviction.[1] The petition must be dismissed on the grounds it is untimely.

Even if that were not so, with respect to the "in custody" prerequisite for bringing a § 2254 petition challenging a particular conviction, Maher was released from custody on that conviction on September 7, 2001. The fact that this fully-served conviction was used to calculate his federal sentence does not satisfy the § 2254 "in custody" requirement. See <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989) ("The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not."); <u>see</u> also <u>Daniels v. United States</u>, 532 U.S. 374, 382 (2001) ("If … a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (<u>or because the defendant did so unsuccessfully</u>), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.") (emphasis added); <u>accord</u> <u>United States v. Field</u>, 39 F.3d 15, 18 -19 (1st Cir. 1994).

I recommend that the Court deny Maher 28 U.S.C. § 2254 relief. I further recommend that a certificate of appealability should not issue in the event Maher files a notice of appeal

---

[1] The docket provided by the State indicates that Maher did have an evidentiary hearing on his post-conviction petition which suggests adjudication on the merits. The State has not provided the Court with the order by the Superior Court or the order by the Maine Law Court denying discretionary review. Whatever state law provision applied to the 2005 state post-conviction, it could not have tolled federal habeas corpus statute of limitations discussed herein.

because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 7, 2009.